IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MIRIAM MARTINEZ SOLAIS, on behalf of herself and all others similarly situated, | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| vs. | ) ) ) |
| VESUVIO'S II PIZZA & GRILL, INC.; and GIOVANNI SCOTTI D'ABBUSCO | ) ) ) ) ) |
| *Defendants.* | ) ) ) ) ) ) |

Case No.: 1:15-CV-227

Collective and Class Action
**COMPLAINT**

COMES NOW, Plaintiff Miriam Martinez Solais ("Plaintiff"), on behalf of herself and all others similarly situated, by and through undersigned counsel, and hereby sets forth this collective action for violations of the Fair Labor Standards Act under § 216(b) and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, and alleges as follows:

**PRELIMINARY STATEMENT**

1. Named Plaintiff is a former employee of Defendants located in Roxboro, North Carolina. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Vesuvio's II Pizza & Grill, Inc. ("Corporate Defendant"); and owner

Giovanni Scotti D'Abbusco ("Defendant D'Abbusco"), collectively ("Defendants"), for unpaid hours worked and overtime compensation, and related penalties and damages.

2. It is Defendants' systemic company-wide policy and practice to compensate employees on a salaried basis and willfully fail and refuse to properly pay minimum wage for all hours worked and/or overtime compensation at time and one-half for all hours worked in excess of 40 in a week and at least minimum wages, due and owing to Plaintiff and all other similarly situated employees, in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

3. Defendants' pay practices and policies are in direct violation of the FLSA; therefore, Plaintiff, on behalf of herself and all others similarly situated, seeks unpaid minimum wage and overtime premiums for all hours of work required, suffered, or permitted by Defendants, liquidated damages and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

4. Defendants' pay practices and policies also violate the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*., by failing and refusing to pay all straight-time and overtime wages, at the regular rate of pay, due and owing to Plaintiff and putative class members, in direct violation of the NCWHA.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction under 29 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

2

6. The United States District Court for the Middle District of North Carolina has personal jurisdiction because Defendants conduct business in Person County, North Carolina which is located within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conduct business in the Middle District of North Carolina, and the cause of action set forth herein has arisen, in part, and occurred, in part, in the Middle District of North Carolina.

8. The claims for the violations of the NCWHA are based upon the statutory law of the State of North Carolina.

9. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claim.

10. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

11. The evidence establishing liability for both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

**PARTIES**

12. Plaintiff Miriam Martinez Solais resides at 12150 Broadstone Way Apex, North Carolina 27502.

13. Plaintiff was employed by Defendants as a non-exempt cook at Vesuvio's II Pizza & Grill in Roxboro, North Carolina during the applicable time period.

14. The putative plaintiffs are: All current and/or former employees of Defendants who were hourly or salaried kitchen employees whose primary duty was non-exempt work, and who were not compensated minimum wage for all hours worked and/or time and one-half for hours worked above forty (40) per week ("Putative Plaintiffs").

15. Corporate Defendants' business is registered with the Secretary of State and operating in the State of North Carolina.

16. Defendant Vesuvio's II Pizza & Grill, Inc.'s physical address is 35 Abbitt St., Roxboro, North Carolina 27573.

17. Defendant Giovanni Scotti D'Abbusco is a resident of 318 Montford Dr., Roxboro, NC 27573. Defendant Giovanni Scotti D'Abbusco is the owner of Vesuvio's II Pizza & Grill, Inc. in Roxboro.

18. Upon information and belief, Defendants maintain uniform pay practices and policies with respect to their kitchen staff.

19. At all times material to this action, Defendants were the employers of Plaintiff, and thus are liable to Plaintiff, as an employer, joint employers, single employers, and/or otherwise according to statutory law.

## **COVERAGE**

20. At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and all those similarly situated.

21. At all times material to this action, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times material to this action, Defendants were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose as defined by Section 3(r) of 29 U.S.C. 203(r) of the FLSA.

23. At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

24. Defendants operate a restaurant whose mission is to provide food and service to the public. Defendants' restaurant is located in Roxboro, North Carolina.

25. Plaintiff Miriam Martinez Solais was employed by Defendants from approximately 2008 through June 18, 2014. During the relevant time period, from March 2012 until the end of her employment, Plaintiff worked as a non-exempt cook at Defendant's 35 Abbitt Street, Roxboro, NC location. Plaintiff worked from 10:00 a.m. to 10:00 p.m. with no uninterrupted lunch break, 6 to 7 days per week.

26. As a cook, Plaintiff Martinez's responsibilities included, but were not limited to, preparing the food for the restaurant, cooking, dishwashing, keeping the salad bar full, and cleaning the entire restaurant. Plaintiff did not have any authority or discretion over the hiring and firing of other employees, nor could she effectively recommend the hiring, firing, advancement, promotion or other change of status of other employees.

27. Plaintiff's primary duties did not include management of the business or a subdivision thereof. She did not evaluate or discipline other employees, set their hours of work or rates of pay, or direct their work. While Plaintiff was responsible for setting up and preparing food, first thing in the morning, at the time of her arrival, and prior to opening the restaurant, she did not have the authority to discipline anyone for coming in late, leaving early, or for misbehavior while on the job. Further, Plaintiff did not direct the work of two or more full-time employees and always reported directly to Giovanni Scotti D'Abbusco, who had supervising authority over everyone, including Plaintiff.

28. Defendants controlled Plaintiff's work schedule and rate of pay.

29. From approximately March 2012 until June 2014, Plaintiff worked Monday through Saturday from 10:00 a.m. to 11:00 p.m. and every other Sunday, from 11:30 a.m. to 9:30 p.m., with no lunch break, for an average of eighty-three (83) hours per week. Because Defendants had high employee turnover, Plaintiff had to work more hours to compensate for the work of employees Defendants lost.

30. From approximately March 2012 until June 2014 Plaintiff received a weekly salary of $380 or a sub-minimum wage of $4.57 per hour for each workweek.

6

Defendant did not pay her overtime wages in the amount of the higher of one-and-one-half (1 ½) times minimum wage or Plaintiff's regular rate of pay for hours worked over forty (40) in any workweek.

31. Defendants reduced Plaintiff's weekly salary for partial-day absences, including tardiness, or days in which she left early. As a result, she was not paid on a *bona fide* fixed salaried basis, and thus, Plaintiff was treated as an hourly employee, rather than a non-exempt salaried employee.

32. Although Defendants failed to pay Plaintiff minimum wage for all hours worked, at the time of her hiring, it was Plaintiff's understanding that the salary was intended to compensate her for a forty (40) hour workweek.

33. During the relevant time period, Defendants failed to maintain any time or payroll records as required pursuant to 29 C.F.R. § 516.

34. Defendants violated the statutory rights of Plaintiff, and those similarly situated, under the FLSA and NCWHA, which resulted in damages to Plaintiff in the form of unpaid minimum and overtime wages, upon which they have incurred and are incurring costs, and reasonable attorney's fees pursuant to § 216(b) and §§ 95-25.22(a) and (d), for pre-judgment interest..

35. Defendants violated the statutory rights of Plaintiff and those similarly situated, under the FLSA which was willful and not based on a good faith attempt by Defendants to comply with the law, and entitles Plaintiff and those similarly situated to an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a)(1).

36. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay Plaintiff and those similarly situated minimum wage, straight-time wages, overtime compensation, and failing to pay Plaintiff and those similarly situated for all hours worked pursuant to the FLSA and NCWHA. As Defendants were directly responsible for setting her work schedule, Defendants were aware Plaintiff worked more than forty (40) hours per week regularly.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and all of the following similarly situated employees: All current and/or former kitchen employees of Defendants who were hourly or salaried employees whose primary duties were non-exempt work, who were not compensated for all of their hours worked, including minimum wage and/or time and one-half for hours worked above forty (40) per week ("Putative Plaintiffs").

38. Putative plaintiffs are current and/or former employees of Defendants who have been subject to the same unlawful practices alleged herein, and therefore, are similarly situated to Plaintiff. The members of the putative plaintiff collective action, like Plaintiff, were employed as kitchen line cooks and dishwashers and were subject to the same or similar pay practices. These putative plaintiffs, like Plaintiff, were required to work more than forty (40) hours each workweek without being paid at the legally required minimum wage and/or overtime rate of time and one-half the higher of either federal minimum wage or their regular rate of pay. Putative plaintiffs and Plaintiff

should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

39. Pursuant to 29 U.S.C. § 216(b), attached to and filed with the original Complaint as Exhibit 1, is a Consent to File Suit As Plaintiff executed by Plaintiff.

## NCWHA CLASS ACTION ALLEGATIONS

40. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and putative plaintiffs of this proposed class.

41. Pursuant to Rule 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff, brings her second claim for relief to redress and remedy Defendants' violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*, on behalf of herself and all of the following similarly situated current and/or former employees of Defendants who have held hourly or salaried non-exempt positions working for Defendants who were not paid all wages owed to them at their regular rates of pay and/or who worked more than forty (40) hours during any given workweek of their employment without receiving time and one-half for their hours worked over forty (40) in any given workweek.

42. The Plaintiff and members of the proposed class assert that Defendants violated the NCWHA by failing to pay their employees overtime wages of one and one-half times their regular rate of pay, which is part of the employees' accrued, earned, and promised wages and should have been paid when due on the employees' regular payday; this requirement is not covered by the overtime provisions of the FLSA.

9

43. <u>The Proposed Class</u>: Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from a list of Defendants' employees.

44. <u>Numerosity</u>: The proposed class is so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises of at least fifteen (15) persons.

45. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

    a. Whether Defendants' refusal to pay Plaintiff and members of the proposed class wages, at their regular rate of pay, for all hours worked and overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked over forty (40) per week on their regular payday violates N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

    b. Whether Defendants' refusal to pay such compensation is in violation of the NCWHA.

46. <u>Typicality</u>: The claims of Plaintiff herein are typical of those claims which could be alleged by a putative class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. All putative class members were subject to the same compensation practices of Defendants, as alleged herein, of refusing to pay straight-time and overtime wages at their regular rate of pay on the regular payday of the class members. Defendants' compensation policies and practices affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

47. <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

48. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to the class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests though actions to which they were not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

Public Policy Considerations: Defendants violate the NCWHA. Like current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity that allows for vindication of their rights while eliminating or reducing these risks.

# COUNT ONE
# VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

49. Plaintiff incorporates by reference all preceding paragraphs as if the same was set forth again fully at this point.

50. Plaintiff and those similarly situated are or were employed by Defendants on an hourly or salaried basis to perform restaurant labor and/or other duties that do not satisfy the tests for exempt positions under the FLSA.

51. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated as required by law, Defendants owe Plaintiff and putative plaintiffs minimum and/or overtime wages, as well as liquidated damages in an amount equal to the amount of unpaid wages.

52. Defendants have willfully engaged in such conduct in violation of the FLSA by engaging in a pattern or practice of permitting or requiring Plaintiff and those similarly situated to work without compensation at the applicable minimum wage for all hours worked and/or the applicable overtime rate for all hours worked over forty (40) per week. Plaintiff and those similarly situated each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

53. As set forth above, Plaintiff, and those similarly situated, have sustained losses in their compensation, a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of herself and all other current and/or former employees similarly situated, seeks damages in the amount of their respective unpaid overtime wages and

liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

54. Plaintiff, on behalf of herself and all current and/or former employees similarly situated, seeks recovery of her attorney's fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**THE THREE-YEAR STATUTE OF LIMITATIONS SHOULD APPLY TO THIS CASE BECAUSE THE NON-PAYMENT OF AT LEAST MINIMUM WAGE AND/OR OVERTIME ARE VIOLATIONS PURSUANT TO 29 U.S.C. §§ 206, 207 AND WERE WILLFUL**

55. Plaintiff incorporates the preceding paragraphs and state that that the three-year provision of 29 U.S.C. § 255(a) should apply in this case because the violations of 29 U.S.C. §§ 206 and 207 were willful. Defendants required Plaintiff and putative plaintiffs to work substantial hours in excess of forty (40) per week, and consistently refused to pay Plaintiff at least the statutory minimum wage for all hours worked and/or overtime compensation for hours worked over forty (40) per week. When Defendants were asked by Plaintiff about an increase to at least minimum wage, Defendant D'Abbusco responded to Plaintiff's request by stating, "[t]here are two doors in the restaurant, and if you don't like how I pay you, you can leave through either one of them." Defendant D'Abbusco routinely responded with disdain and perpetuated an atmosphere of fear and intimidation whenever questions regarding minimum wage or overtime were raised.

56. While Defendants acknowledged understanding the requirements of the law, including complying with such requirements, Plaintiff never received an increase in

14

wages high enough to compensate her at least minimum wage and/or overtime for all of her hours worked. The combination of Defendants' acknowledgment of the requirements of the law and their failure to pay creates an undeniable scenario of willfulness. Thus, the three-year provision should apply.

## COUNT TWO
## VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT
## FAILURE TO PAY ALL WAGES WHEN DUE

57. Plaintiff incorporates by reference all preceding paragraphs as if the same was set forth again fully at this point.

58. The class period for this cause of action is at least two years from the date of the filing of this Complaint.

59. It is unlawful under North Carolina law for an employer to "suffer or permit" an employee to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

60. Pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, Defendants were required to pay Plaintiff and members of the proposed class all wages, when due, for all hours of work at the federal minimum wage rate on their regular pay date.

61. Pursuant to the NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 95-25.7, Defendants were required to pay Plaintiff and members of the proposed class all wages, when due, for all overtime wages of one and one-half times the federal minimum wage rate which is a part of all the employees' accrued and earned wages, and which should have been paid when due on the employees' regular payday; this requirement is not covered by the overtime provision under the FLSA.

15

62. Defendants intentionally refused to pay all wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and proposed class members in violation of the NCWHA.

63. The foregoing conduct, as alleged, constitutes a willful violation of the NCWHA, N.C. Gen. Stat. § 95-25.6.

64. As set forth above, the NCWHA Plaintiff and members of the proposed class have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of herself and all those similarly situated, seeks damages in the amount of their unpaid earned compensation, liquidated damages, plus interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

65. Plaintiff, on behalf of herself and all those similarly situated, seeks recovery of her attorney's fees as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as a representative on behalf of all those similarly situated of the NCWHA class;

3. Award Plaintiff and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class pursuant the class as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a)(1) and pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Plaintiff and all those similarly situated pre- and post- judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a) and pursuant to the FLSA, 29 U.S.C. § 216(b);

5. Award Plaintiff and all those similarly situated attorney's fees, costs, and disbursements as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(d) and pursuant to the FLSA, 29 U.S.C. § 216(b); and

6. Award Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this the 13th day of March, 2015.

/s/ Gilda Adriana Hernandez
Gilda A. Hernandez (NCSB No. 36812)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
315 S. Salem St., Suite 310
Apex, NC 27502
Tel: (919) 741-8693
Fax: (919) 869-1853

ghernandez@gildahernandezlaw.com