<pre>
 1              IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3   MIRIAM MARTINEZ-SOLAIS, on behalf )  CASE NO. 1:15CV227
     of herself and all others        )
 4   similarly situated,              )
                                      )
 5         Plaintiff,                 )
                                      )
 6         vs.                        )
                                      )  Greensboro, North Carolina
 7   VESUVIO'S II PIZZA & GRILL, INC., )  June 29, 2015
     and GIOVANNI SCOTTI D'ABBUSCO,   )  9:58 a.m.
 8                                    )
           Defendants.               )
 9   _____  )


10


11          TRANSCRIPT OF THE **INITIAL PRETRIAL CONFERENCE**
              BEFORE THE HONORABLE L. PATRICK AULD
12                UNITED STATES MAGISTRATE JUDGE


13


14   APPEARANCES:

15   For the Plaintiff:        GILDA A. HERNANDEZ, ESQ.
                               315 S. Salem Street, Suite 310
16                             Apex, North Carolina 27502


17


18   For the Defendants:       DENISE SMITH CLINE, ESQ.
                               16 North Boylan Avenue
19                             Raleigh, North Carolina 27603


20


21   Court Reporter:           BRIANA NESBIT, RPR
                               Official Court Reporter
22                             P.O. Box 20991
                               Winston-Salem, North Carolina 27120


23


24        Proceedings recorded by mechanical stenotype reporter.
25       Transcript produced by computer-aided transcription.
</pre>

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

P R O C E E D I N G S

**THE COURT:** All right. Next up we have 1:15CV227, Martinez-Solais versus D'Abbusco. I have listed Gilda Hernandez on behalf of the Plaintiff and Denise Smith Cline on behalf of the Defendant. If you all would come forward.

**MS. HERNANDEZ:** Good morning, Your Honor, Gilda Hernandez on behalf of the Plaintiff, Miriam Martinez-Solais, and with me is my paralegal, Sylvia Nelson, who is also here to take notes.

**MS. CLINE:** Good morning, Your Honor, Denise Cline for the Defendants.

**THE COURT:** All right. This matter is on for an initial pretrial conference. If you all would just bear with me for just a moment. I believe each of the parties has filed an individual report, and I have reviewed those.

Ms. Hernandez, would you summarize for me what you suggest are the issues that are in dispute as it relates to the establishment of a scheduling order. I know there are some other matters that perhaps we'll at least make reference to later, but just focusing on the issue of the scheduling order at this point.

**MS. HERNANDEZ:** Well, Your Honor, the main difference is -- in terms of the scheduling order, is that Plaintiffs feel that rather than --

**THE COURT:** If you would, stand up, please.

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1          **MS. HERNANDEZ:**  I'm sorry, Your Honor, absolutely.

2          In terms of the scheduling order for the Plaintiff,

3    it makes more sense to go ahead and brief the motion for

4    conditional certification, which has already been filed, which

5    is Docket 14, allowing the parties to go ahead and finish the

6    briefing, which would already be done before the 45-day period

7    as proposed by opposing counsel; and then, thereafter, if the

8    Court determines that the motion for conditional certification

9    and notice should be granted, at that point the notice would be

10   sent to the Putative Plaintiffs in this case, giving them an

11   opportunity to participate to opt into the action.  And then

12   once the opt-in period expires, then at that point it would be

13   determined how many people are actual party plaintiffs in the

14   action.

15         Right now, we have one Named Plaintiff and one Opt-In

16   Plaintiff; and, therefore, at that point we'll know how many

17   are total party plaintiffs, and then the parties will have 30

18   days to go ahead and potentially resolve the matter; and if the

19   matter cannot be resolved, then the parties would go ahead and

20   negotiate a second case management discovery plan that would

21   affect the number of opt-in plaintiffs, subject to discovery

22   and how many requests for interrogatories, production of

23   documents, and so forth, Your Honor.

24         So that's really the only distinction between the two

25   parties in terms of the case management plan.

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1          **THE COURT:**  And setting aside the issue of whether,

2   in connection with conditional certification, the Defendants

3   could have discovery on a -- some sort of equitable grounds to

4   oppose certification, what about their right to have discovery

5   about sort of the factual issues that might bear on conditional

6   certification?  Is there not some authority that there could be

7   discovery about that issue, about whether there are

8   commonalities that would warrant a collective action?

9          **MS. HERNANDEZ:**  That's a very good question, Your

10  Honor.  Under the Fair Labor Standards Act, you have an initial

11  notice, and it's a very lenient standard.  So if Your Honor

12  were to determine that there should be some discovery that

13  should be done prior to, you know, deciding on whether the

14  motion for conditional certification should be granted, it

15  should only apply to the actual individuals that have opted

16  into the action and the Named Plaintiff, those two individuals

17  only.

18         Yet, what Defendants' counsel is proposing, and it

19  may be just a lack of understanding of how these actions

20  operate -- Putative Plaintiffs are not part of the discovery

21  process, and, yet, Defendant -- and this has been raised

22  numerous times, Your Honor, which is why there was a subsequent

23  motion for protective order that was filed on the 26th of June,

24  because those are some serious accusations against Plaintiff's

25  counsel personally, that somehow there have been improprieties

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  with respect to —- I'm sorry, improper solicitation with

2  respect to Putative Plaintiffs with promises of pecuniary gain

3  and promises of immigration services.

4        In the context of conditional certification, what you

5  are looking at is simply are there putative plaintiffs that can

6  potentially be similarly situated to the Named Plaintiff with

7  respect to the common pay practice that's being alleged by the

8  Named Plaintiff.  The Named Plaintiff has alleged that not only

9  she, but every other kitchen employee, was paid a nonfixed

10  salary or hourly basis, was not paid properly the minimum wage

11  and the overtime.  We already have one Opt-In Plaintiff who

12  has, you know, basically corroborated those allegations, and

13  because there aren't that many —- we are not talking about 20,

14  30, 40.  We are talking 10 to 15 employees.  One additional

15  opt-in plaintiff should be more than sufficient to meet the

16  lenient standard for a motion for conditional certification be

17  granted.

18        But again, Your Honor, the —- there are two important

19  points here.  One is that at this conjuncture, it would be very

20  beneficial to allow the Putative Plaintiffs to receive accurate

21  and timely notice of this action, where they are advised that

22  they have nothing to fear with respect to retaliation because

23  of the background of this case, Your Honor.

24        In this case —- this case was supposed to be filed in

25  federal court on January 19, 2015, but during the interim, the

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

parties, not with this Defendants' counsel, but a former
counsel -- the parties were actually engaged in settlement
negotiations; and, yet, during the course of that time period,
when Defendants' counsel specifically asked Plaintiff's counsel
to stand down, not file a complaint in federal court for two
weeks, and no later than February 2, 2015, the Defendant had
the Plaintiff arrested, incarcerated. And it was -- it all led
up to -- it began with threats of intimidation, coercion,
threats that started with messages that were relayed to the
Plaintiff's sister-in-law, stating that if she did not drop
this action for unpaid wages, that she was going to be arrested
and potentially deported from this country and that he had
already hired a private investigator and had confirmed her
immigration status, and, thus, she had no rights under the Fair
Labor Standards Act to pursue in this action.

    So following all of those accusations and threats, I
immediately contacted the Defendant's wife and the Defendant
and asked them to cease further threats as such threats were
illegal under the Fair Labor Standards Act, Section 15(a)(3),
and, yet, the threats continued; and then in the middle of
January of 2015, I was contacted by a former Defendants'
counsel, who, again, like I said, asked me to stand down, wait
for two weeks, and then Plaintiff was immediately arrested on
January 28. Very, very serious circumstances, Your Honor.

    And even after the arrest, the Opt-In Plaintiff was

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

still working for the Defendant, and there was an investigation

conducted by the United States Department of Labor with respect

to retaliation complaints and was in the establishment

conducting an investigation, and the Opt-In Plaintiff was

instructed to lie to a government official about the pay

practices and what have you.

So there is so much just horrible things that have

happened to the Plaintiff and Opt-In Plaintiffs and Putative

Plaintiffs, Your Honor, that at the outset of this litigation,

it makes sense to potentially grant this motion for protective

order so that it levels the playing field, Your Honor.

**THE COURT:** All right. I guess my question, though,

was whether or not there could be discovery that is relevant to

the issue of conditional certification or not. What is your

position on that?

**MS. HERNANDEZ:** As I said, Your Honor, if the Court

determines that there should be some discovery prior to the

briefing on the motion for conditional certification, which

there is a plethora of authority that a motion for conditional

certification can be determined on the basis of the Plaintiff's

complaint and just a couple of declarations -- but, you know,

there are some courts that also believe there could be a little

bit of precertification discovery, but if that's the way the

Court is considering -- or seriously considering that option,

it should only be limited to the party Plaintiffs, and we are

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  talking about the Named Plaintiff and the Opt-In Plaintiff and

2  not Putative Plaintiffs, especially to what, you know, the

3  Defendants' counsel has already suggested are going to be

4  nothing more than declarations to somehow, you know, accuse

5  Plaintiff's counsel of engaging in improper solicitation.

6  **THE COURT:** Setting that aside, what about issues

7  about whether or not there really was a common pay practice or

8  not? Why wouldn't they be entitled to due discovery of other

9  employees to find out whether or not those other employees said

10 there was a common pay practice?

11 **MS. HERNANDEZ:** That's a good question, and these

12 actions -- as long as there is some suggestion that there may

13 be, okay, that there may be putative plaintiffs that were

14 subject to the same kind of policy of unpaid overtime and

15 minimum wage, that should suffice, but, again, with -- if there

16 is going to be the precertification discovery, it would be just

17 on the basis of the Plaintiff and the Opt-In Plaintiff to

18 determine whether or not they -- the Opt-In Plaintiff was

19 subject to the same pay policies that the Plaintiff has alleged

20 in her complaint.

21 **THE COURT:** Okay. Ms. Cline, I will let you put

22 anything you want on the record. I guess, first, I would want

23 to know, though, do you have any authority for the idea that

24 there should be discovery about these kind of equitable

25 defenses to certification that you described? I have not been

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  able to locate any.

2      **MS. CLINE:**  Your Honor, there are some cases

3  involving class certification in which the parties have been

4  permitted to discover and object to the class certification

5  process because of equitable conduct and recruitment and other

6  misconduct.

7      **THE COURT:**  So discovery at the conditional

8  certification stage about these kind of equitable matters?

9      **MS. CLINE:**  Well, Your Honor, the -- there's been --

10 there are cases about class certification and the challenge to

11 class certification based on the conduct of counsel and other

12 improper recruitment.

13     **THE COURT:**  What about in the context of a collective

14 action?

15     **MS. CLINE:**  I don't have any authority on that point.

16     **THE COURT:**  All right.  And aren't the standards a

17 little bit different?

18     **MS. CLINE:**  Yes, they are, Your Honor.

19     **THE COURT:**  All right.  And then if I was to find

20 that, for purposes of conditional certification, it would be

21 premature to engage in that sort of discovery that you

22 described, is there other discovery that you would want to do

23 pertaining to conditional certification?

24     **MS. CLINE:**  Yes, Your Honor.  We have made -- as I

25 agree with Ms. Hernandez, I made very serious allegations based

1  on a good-faith belief that I have now gotten further due

2  diligence on.  We believe that the allegations we've made about

3  recruitment of the potential Opt-In Putative Plaintiffs is very

4  serious and goes to the integrity of this entire action of,

5  certainly, my clients' defense; but, as my affirmative defense

6  and our responses indicated, we believe that counsel and

7  Plaintiff have engaged in oral solicitations of Putative

8  Plaintiffs involving the payment of cash and the offer of

9  immigration services in exchange for participation in this

10 collective action.

11         **THE COURT:**  Right, but my question was -- putting

12 that aside, if I was to decide that at the conditional

13 certification stage, we are not going to have discovery into

14 those kind of equitable defenses, my question was is there

15 separate -- any separate kind of discovery that you would want

16 to do that pertains to the conditional certification issue?

17         **MS. CLINE:**  Yes, Your Honor.  I would certainly want

18 to depose and speak to the Plaintiff and Opt-In Plaintiff about

19 their contentions about the similarity of their positions and

20 other criteria for collective action certification.

21         **THE COURT:**  All right.  And how long would you want

22 to do that?

23         **MS. CLINE:**  Well, Your Honor, Ms. Hernandez and I

24 have sort of cross reports.  The initial report that

25 Ms. Hernandez shared with me contemplated that she would file

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  her motion for certification within 45 days after the

2  scheduling order of this Court; and based on that

3  understanding, Your Honor, I had suggested 45 days for the

4  initial equitable discovery.  Now that she has already filed

5  her motion for conditional certification, Your Honor, I think I

6  would need at least 60 days to conduct any kind of

7  precertification discovery.

8          **THE COURT:**  And even if that was limited only to sort

9  of factual issues that pertained to the conditional

10  certification determination and not include any of these

11  equitable defenses that you have proffered?

12          **MS. CLINE:**  Yes, Your Honor, I mean, I would seek 60

13  days.

14          **THE COURT:**  And then you would want to file your

15  response to the motion for conditional certification after that

16  60-day period?

17          **MS. CLINE:**  Yes, Your Honor.

18          **THE COURT:**  All right.  Do you -- are there any other

19  issues relevant to establishment of the scheduling order or the

20  proper way forward that you wanted to address at this point?

21          **MS. CLINE:**  Other than what we have already, you

22  know, argued, Your Honor.  I do seek discovery on the equitable

23  issues.

24          **THE COURT:**  I understand that; but separate and apart

25  from that, are there any other differences in the planning for

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  a schedule that we should discuss at this time?

2          **MS. CLINE:**  I am not aware of any, Your Honor.

3          **THE COURT:**  Thank you.  Ms. Hernandez, anything

4  further you want to say?

5          **MS. HERNANDEZ:**  Well, Your Honor, as -- I just want

6  to clarify a couple of points.

7          If the Court is going to permit some sort of limited

8  precertification discovery with respect to the opt-in

9  putative -- I'm sorry -- with respect to the Opt-In and Named

10  Plaintiff, that there should also be, at the very outset, some

11  sort of limitation in terms of addressing Plaintiff's motion

12  for protective order because, again, of the retaliatory conduct

13  that has been already done to the Named Plaintiff in this

14  action and, you know, given that the federal U.S. Department of

15  Labor has, you know, conducted an investigation.  The findings

16  of that investigation still have not been released, but there

17  have also been -- immediately after the Plaintiff was arrested,

18  there was an application or a request for certification of a U

19  visa that was also made upon the U.S. Department of Labor, and

20  that sort of -- just give me a minute, Your Honor.

21          So the Wage and Hour Division has the authority to

22  certify applications for U nonimmigrant visas pursuant to the

23  Victims of Trafficking and Violence Protection Act of 2000.

24  The Wage and Hour Division did, in fact, certify the U visa on

25  the basis that the victim, Plaintiff Martinez, is likely to be

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

helpful in the investigation or prosecution of the qualifying criminal activity of which she has been a victim. One would be witness tampering under 18 U.S.C. Section 1512(b)(1) and, two, extortion under North Carolina General Statute, Section 14-118.4. And Plaintiff's U visa was approved on February 11, 2015.

Again, very, very, serious issues going on in this case, Your Honor, and to the extent that there can be some limitations in terms of the communications, threats, coercion --

**THE COURT:** But it sounds like, from what you are saying, she has legal status?

**MS. HERNANDEZ:** She has correctly -- I'm sorry -- correct. She has temporary legal status because the U visa has already been certified, but it hasn't been entirely completed. There is, like, a two-year waiting list before ICE will actually give her the final permanent residency.

**THE COURT:** Right, but she is not subject to removal at this point?

**MS. HERNANDEZ:** She is not, but the concern is not just about her anymore, Your Honor. It is about the Putative Plaintiffs that are similarly situated because the Putative Plaintiffs that worked with her in the kitchen have immigration issues.

In fact, as you can see from the Defendants' answer,

1  the 26(f) report, these constant accusations that Plaintiff's

2  counsel has made promises of pecuniary gain, which is

3  ridiculous because this case is about people that haven't been

4  paid their wages, overtime and minimum wage.  And then,

5  secondly, the issue of immigration services, it's because the

6  Defendant understands he was hiring, to his advantage,

7  undocumented individuals to pay them very low wages and then,

8  simultaneously, when they were trying to exercise their rights,

9  using that very same advantage against them offensively, Your

10 Honor, or defensively, if you will.

11         **THE COURT:**  I understand.  My point was that if we

12 have a limited discovery prior to conditional certification, it

13 would appear that it would be directed at the Named Plaintiff

14 and one Opt-In Plaintiff, and then the Named Plaintiff now has

15 protection against removal and so presumably understands that

16 she's not subject to deportation.

17         What about the -- what is the situation with the

18 Opt-In Plaintiff?

19         **MS. HERNANDEZ:**  With the Opt-In Plaintiff, Your

20 Honor -- and that's actually an excellent, excellent question

21 because during the course of the Department of Labor's

22 determination of granting the U visa certification, it is their

23 responsibility to investigate the circumstances and to

24 interview other putative plaintiffs to determine what their

25 circumstances were.  In addition to the Department of Labor's

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  investigation of retaliation, they will interview other

2  putative plaintiffs; and I think that's where the Defendant is

3  distorting all of these facts to accuse me of somehow engaging

4  in this improper solicitation.

5          But to answer your question, Your Honor, the U.S.

6  Department of Labor is considering a U visa for other Putative

7  Plaintiffs and the Opt-In Plaintiff, Mr. Alvarado, but I think

8  what I am referring to is, okay, we have the protection for the

9  Named Plaintiff.  The Opt-In Plaintiff is still not entirely

10  protected.  Then you have the Putative Plaintiffs.  The

11  potential threat and coercion against those individuals, any

12  sort of language that indicates look what happened to her, and

13  if you think about getting involved, the same thing will happen

14  to you, when they have not been given any protection at this

15  point from the Department of Labor.

16          **THE COURT:**  Well, obviously, you filed your motion,

17  and your motion will be addressed.  I don't know whether it's

18  going to be referred to me to be addressed or not at this

19  point.

20          In terms of fashioning any kind of order as it

21  relates to discovery regarding the conditional certification

22  issue, it seems like that at this point the Named Plaintiff at

23  least has protection from those kinds of concerns, but -- so at

24  this point, I don't know really if I am going to have a role in

25  addressing the emergency motion that you filed or not.  I mean,

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1 it's styled as a protective order, but it is really not a

2 discovery type of protective order. It is something different

3 from that, at least in most of its respects. So I will -- if

4 it's referred to me, then I will address it.

5       It does strike me, Ms. Cline, that it may be

6 appropriate to shorten the response time on that motion. What

7 do you say about that?

8       **MS. CLINE:** Well, Your Honor, you know, I want to

9 address -- first of all, I just want to state for the record

10 that I disagree with almost everything Ms. Hernandez has said

11 about the facts, but leaving that aside, you know, we have

12 very -- I mean, I'm -- Ms. Hernandez's motion was filed Friday

13 night. I was out of town and had not even reviewed that with

14 my client until yesterday. I would certainly seek the full

15 time, Your Honor, because the motion is very extensive. There

16 are a number of declarants, and I would seek the full time in

17 response.

18       **THE COURT:** All right. Well, I am going to take a

19 look at that and determine whether or not the time should be

20 shortened on that motion. I also will take a look at the case

21 law about discovery regarding conditional certification, and I

22 will enter an order as quickly as I can.

23       Anything further you want to say, Ms. Hernandez?

24       **MS. HERNANDEZ:** No, Your Honor, other than -- yes, I

25 mean, there is a plethora of authority supporting the motion

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  for conditional certification, and the fact that the Plaintiff

2  has already filed it, it makes beautiful sense to go ahead and

3  start briefing that.  And then also the motion for protective

4  order, again given the severity of the circumstances and the

5  very unique issues here, if that could be briefed on an

6  expedited basis, that would also be wonderful, and it would

7  protect the Putative Plaintiffs as well as the Opt-In

8  Plaintiff, Your Honor.  Thank you so much.

9          **THE COURT:**  All right.  Anything else, Ms. Cline?

10         **MS. CLINE:**  No, Your Honor.  I would simply suggest

11  that -- I agree with Ms. Hernandez that there is certainly case

12  law that suggests that this stage be a lenient one.  This is

13  not your usual case, and I cannot imagine that -- I would

14  certainly contend that the standards are not this lenient in

15  this kind of case.

16         **THE COURT:**  All right.  I will take a further look at

17  that and try to get an order out as quickly as I can.

18      (END OF PROCEEDINGS AT 10:23 A.M.)

19

20                              ******

21

22

23

24

25

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15

1  UNITED STATES DISTRICT COURT

2  MIDDLE DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Nesbit, Official Court Reporter,

7  certify that the foregoing transcript is a true and correct

8  transcript of the proceedings in the above-entitled matter.

9

10         Dated this 13th day of July 2015.

11

12

13    _____
       Briana L. Nesbit, RPR
14     Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25

Martinez-Solais v. D'Abbusco  Pretrial conf. 6/29/15