IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MIRIAM MARTINEZ SOLAIS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15CV227 |
| GIOVANNI SCOTTI D'ABBUSCO and VESUVIO'S II PIZZA & GRILL, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court are three motions brought by Plaintiff: a Motion to Reopen Case, (ECF No. 68), a Motion to Substitute and Join Defendants, (ECF No. 69), and a Motion for Equitable Tolling, (ECF No. 71). Following oral argument on January 30, 2018, and for the reasons stated below, the Court will grant Plaintiff's Motion to Reopen Case and deny Plaintiff's remaining motions.

**I.  BACKGROUND**

Plaintiff Miriam Martinez Solais initiated this action on March 13, 2015, as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and a putative class action under the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq., against Defendants Giovanni Scotti D'Abbusco ("D'Abbusco") and Vesuvio's II Pizza & Grill, Inc. ("Vesuvio's"). (ECF No. 1 ¶¶ 1–4.) In her Complaint, Plaintiff alleges that her claims arise from past employment "as a non-exempt cook at Vesuvio's II Pizza & Grill in

Roxboro, North Carolina," owned by D'Abbusco. (ECF No. 1 ¶¶ 13, 17.) According to Plaintiff: "Defendants violated the statutory rights of Plaintiff, and those similarly situated, under the FLSA and NCWHA, which resulted in damages to Plaintiff in the form of unpaid minimum and overtime wages." (*Id.* ¶ 34.) On March 14, 2016, Plaintiff's Motion for Conditional Certification of a class was granted pursuant to FLSA. (ECF No. 62 at 25.)

On April 22, 2016, Defendants filed a Suggestion of Bankruptcy, which notified the Court that each Defendant had "filed a voluntary petition in the United States Bankruptcy Court for the Middle District of North Carolina" under Chapter 7 of the Bankruptcy Code. (ECF No. 65 at 1.) The filing of these petitions operated as an automatic stay of the present action. *See* 11 U.S.C. § 362(a)(1). On June 16, 2016, this Court entered an Order recognizing that the instant litigation "has been stayed pending disposition of the proceedings in a Bankruptcy Court which may become dispositive of this litigation." (ECF No. 67 at 1.) Further, the Court ordered "the clerk of Court [to] terminate this action administratively in his records as to Defendants" and stated "that any party shall have the right to reopen this case for any purpose on motion and notice to all parties, without prejudice to the rights of any of the parties, at any time prior to the 90th day after the final termination of the Bankruptcy proceedings." (*Id.*)

The Bankruptcy Court entered an order granting a discharge to Defendant D'Abbusco on August 25, 2016. (ECF No. 77-2.) In Defendant Vesuvio's bankruptcy proceedings, Plaintiff filed a proof of claim based on the same alleged unpaid wages giving rise to the present suit. (ECF No. 77-3.) Plaintiff accordingly attached a copy of her Complaint from this action to her proof of claim in Vesuvio's bankruptcy proceedings. (ECF No. 77-3 at 4–21.) On

April 8, 2017, the trustee administering Vesuvio's estate filed a Final Account in the Bankruptcy Court, which certifies that the estate was fully administered, and further reflects that the trustee distributed $1,881.42 to Plaintiff on the basis of her proof of claim. (ECF No. 77-4 at 1, 5.) On May 15, 2017, the Bankruptcy Court entered a Final Decree, which provides in pertinent part as follows:

> **IT APPEARING** that . . . [the] Trustee . . . has reduced the property and effects of the estate to cash; that the Trustee has made distribution and has rendered a full and complete account thereof . . .
> **IT IS ORDERED** that the account of the Trustee be, and hereby is approved and allowed, and that said estate be, and is hereby closed.

(ECF No. 77-5.) On May 24, 2017, Plaintiff filed the three motions presently before this Court. (ECF Nos. 68; 69; 71.)

## II. DISCUSSION

The Court will grant Plaintiff's Motion to Reopen Case, (ECF No. 68), pursuant to its June 16, 2016 Order, (ECF No. 67), for the purpose of addressing Plaintiff's Motion to Substitute and Join Defendants, (ECF No. 69), and Motion for Equitable Tolling, (ECF No. 71). The Court will first turn to the motion to substitute.

### A. Motion to Substitute and Join Defendants

Plaintiff moves to substitute as Party-Defendants La Piazza Italian Restaurant & Bar, LLC ("La Piazza"), and its co-owner, Jeffrey Davis, for the currently named Defendants in this action, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure. (ECF No. 70 at 8, 11.) Further, Plaintiff moves to join Christina D'Abbusco ("Mrs. D'Abbusco") as a defendant, pursuant to Rules 15(a) and 20(a). (*Id.* at 8.) In addition, Plaintiff, in her brief, states that if her request for substitution is denied, then the Court should grant Plaintiff, in the alternative

3

to proceeding under Rule 25, leave to amend her Complaint, pursuant to Rules 15(a) and 20(a), to join La Piazza and Mr. Davis as defendants. (*Id.*)

Plaintiff advances the theory of successor liability as the basis for her motions. According to Plaintiff: "Around the same time that bankruptcy petitions were filed, Defendants closed the business of Defendant Vesuvio's." (ECF No. 70 at 11.) Plaintiff states that: "Within just two or three days of Defendant Vesuvio's closure, according to Defendant Giovanni D'Abbusco's sworn testimony, a new restaurant, La Piazza, was opened in its place." (*Id.* (emphasis removed).) Mr. D'Abbusco "took ownership of 95% of [La Piazza], while Jeffrey Davis took the remaining 5% ownership of the restaurant." (*Id.*) Plaintiff thus argues that: "La Piazza and Jeffrey Davis should be considered successors-in-interest to Defendants, enabling them to be substituted under [Federal Rule of Civil Procedure] 25(c)." (*Id.* at 17.) Plaintiff further contends that Mrs. D'Abbusco, who, according to Plaintiff, was "merely a manager at Defendant Vesuvio's" when the Complaint was filed, thereafter "became more heavily involved in the enterprise's operations, and, particularly, in Defendant Vesuvio's successor, La Piazza." (ECF No. 70 at 25–26.) In support of this contention, Plaintiff states that Mrs. D'Abbusco "loaned $3,000 to La Piazza, which helped fund and start the 'new' venture." (*Id.* at 26.) Thus, according to Plaintiff: "Because Christina D'Abbusco helped launch the business, and did so knowing of Defendants' bankruptcy petitions and liabilities, her presence in the lawsuit is just." (*Id.*)

Defendants raise several arguments in opposition to Plaintiff's request to substitute defendants. First, Defendants argue: "Plaintiff's motions violate the bankruptcy discharge injunction and subject her to contempt." (ECF No. 77 at 2.) Second, Defendants contend,

4

"any alter ego claims against Vesuvio's were property of the bankruptcy estate which the Plaintiff may not pursue." (*Id.* at 5.)  Third, Defendants assert: "Because Plaintiff took full advantage of the bankruptcy court as the exclusive forum for administering claims against Vesuvio's without once raising the issue of the existence of an alter ego claim to maximize the value of Vesuvio's estate, she is barred by res judicata from pursuing her claims in this forum." (*Id.* at 9–10.)

### 1. *Substitution of Parties Under Rule 25*

Federal Rule of Civil Procedure 25(c) provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) incorporates the service requirements set forth in Rule 25(a)(3), *id.*, which, in turn, incorporates the procedures mandated under Rule 4 for nonparties and Rule 5 for parties. Fed. R. Civ. P. 25(a)(3). Thus, a party bringing a motion under Rule 25(c) must serve the motion on nonparties as provided in Rule 4. *See* Fed. R. Civ. P. 25(c). At oral argument, counsel for Plaintiff conceded that the Motion to Substitute and Join Defendants, (ECF No. 69), was not served on the nonparties whom Plaintiff seeks to add as defendants in this action. This failure to serve the motion on the nonparties precludes this Court from considering the merits of Plaintiff's motion to substitute defendants under Rule 25.

### 2. *Alternative Request for Leave to Amend*

In the alternative to substitution under Rule 25, Plaintiff requests leave to amend her Complaint pursuant to Rules 15(a) and 20(a) to join La Piazza and Mr. Davis as defendants. (ECF No. 70 at 8.)  Plaintiff also moves to join Mrs. D'Abbusco as a defendant pursuant to

5

Rules 15(a) and 20(a). (*Id.*) Plaintiff's request for leave to amend violates the Federal Rules of Civil Procedure and this Court's Local Rules in that she neither included her request in a motion as required by Rule 7(b)(2) of the federal rules, nor attached a proposed amended pleading as required by Local Rule 15.1. The Court will nevertheless construe Plaintiff's request as a motion to amend.

The determination of whether to grant or deny a motion to amend a pleading lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Under Rule 15(a) of the Federal Rules of Civil Procedure, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004) (stating that "[t]he language of [Rule] 15(a) has been construed to counsel a liberal reading of its application"). Further, this "mandate is to be heeded." *Foman*, 371 U.S. at 182. Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). Because Defendants do not raise bad faith or prejudice, but rather assert that Plaintiff's claims are barred by res judicata, (ECF No. 77 at 8–10), the Court will consider only whether Plaintiff's motion should be denied on the ground of futility.

A plaintiff's request to amend a complaint is futile if the amended complaint could not satisfy the appropriate requirements of the Federal Rules of Civil Procedure. *United States ex*

*rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Fourth Circuit has cautioned that "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Thus, if Plaintiff's action is barred by res judicata, as argued by Defendants, then allowing Plaintiff to amend the complaint would be futile.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015). "The doctrine of *res judicata* applies in the bankruptcy context." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Accordingly, "a prior bankruptcy judgment has res judicata effect on future litigation when the following three conditions are met." *Covert*, 779 F.3d at 246. First, "[t]he prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of the process." *Id.* (alteration in original). Second, "the parties are identical, or in privity, in the two actions." *Id.* Third, "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Id.* Further, Fourth Circuit precedent instructs that "[a]long with these 'three formal elements' of res judicata, 'two practical considerations should be taken into account.'" *Providence Hall Assocs. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (citation omitted). "First, we consider whether the party or its privy knew or should have known of its claims at

7

the time of the first action." *Id.* "Second, we ask whether the court that ruled in the first suit was an effective forum to litigate the relevant claims." *Id.*

The Court must now determine whether the facts of this case support application of the doctrine of res judicata considering the formal elements and practical considerations outlined.

a. <u>Final Judgment on the Merits</u>

The Court first examines the question whether Plaintiff's automatically allowed proof of claim in the bankruptcy proceeding is a final judgment on the merits under the doctrine of res judicata.[1]

*County Fuel Company, Inc. v. Equitable Bank Corporation*, 832 F.2d 290 (4th Cir. 1987), appears to be the only Fourth Circuit case to consider the issue whether an automatically allowed proof of claim is a final judgment on the merits. Though the case was ultimately decided on other grounds, the Fourth Circuit expressed doubt that an automatically allowed proof of claim has sufficient finality to constitute a final judgment on the merits for res judicata purposes. *See County Fuel*, 832 F.2d at 292. In relevant part, *County Fuel* states that "it is doubtful that the 'automatic allowance' under 11 U.S.C. § 502(a) of a claim not objected to constitutes a 'final judgment' of the type that gives rise to 'bar' or 'claim preclusion' under strict res judicata principles." *Id. County Fuel* explained that its doubt arises from two issues. First, "[u]nder relevant bankruptcy law, objections may be made and allowed after automatic allowance of a claim, and indeed a claim allowed by order may be later disallowed upon

---

[1] This Court finds that the Bankruptcy Court is a "court of competent jurisdiction," and neither party contends that the allowance of Plaintiff's proof of claim was not "in accordance with the requirements of the process." *See Covert*, 779 F.3d at 246.

8

reconsideration." *Id.* (citations omitted). Second, "the 'automatic allowance' provided by § 502(a) [is] not 'final' for purposes of appellate review, another test, though not decisive, of its 'finality' for res judicata purposes." *Id.* However, a more recent Fourth Circuit opinion concluded that *County Fuel*'s "statements regarding res judicata are dicta." *Providence Hall Assocs.*, 816 F.3d at 281 ("*County Fuel* does not control our decision in this case, most notably because its statements regarding res judicata are dicta."). Neither case appears dispositive here.

First, the concern expressed in *County Fuel* that an automatically allowed proof of claim may not be final because a party might object to or move to reconsider the allowance is less compelling where, as here, the Final Decree of the Bankruptcy Court in Vesuvio's bankruptcy has been entered; the trustee has certified and the court has concluded that the bankruptcy estate has been fully administered; and the bankruptcy estate has already closed. *See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 530 (9th Cir. 1998) (stating that "those doubts" expressed in *County Fuel* regarding the finality of an allowance of a proof of claim "should dissipate where, as here, the debtor has received his discharge and the bankruptcy has closed"). Nor does the concern that an automatically allowed proof of claim lacks sufficient finality for appellate review end the inquiry; *County Fuel* acknowledges this issue is "not decisive[ ] of [ ] 'finality' for res judicata purposes," *County Fuel*, 832 F.2d at 292.

Further, other circuits have concluded that as a practical matter, an automatically allowed proof of claim is final where, as here, the bankruptcy has closed. *See EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007); *Siegel*, 143 F.3d at 530. That the Bankruptcy Court resolved such a claim to which there was no objection by employing an automatic procedure does not disturb the conclusion that a claim allowed under that procedure

9

has been resolved by the court once the bankruptcy has closed. *See Siegel*, 143 F.3d at 530 ("[I]f the court formally actually allows the claim, there can be little doubt about the ultimate res judicata effect of that allowance. But it is equally clear that when a claim is 'deemed allowed' it has the same effect.").

The conclusion that an automatically allowed proof of claim is sufficiently final for res judicata purposes comports with the purposes that justify the application of the doctrine. The doctrine has been justified on the grounds that: "[P]reclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (alterations in original) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). These goals are no less important in the bankruptcy context. *See Providence Hall Assocs.*, 816 F.3d at 279 (concluding that allowing a debtor to collaterally challenge a matter resolved in Bankruptcy Court "would achieve little more than upending the purpose of res judicata: promoting finality and judicial economy"). If a claim conclusively resolved in a bankruptcy court is not final for res judicata purposes, then creditors and debtors may strategically decline to litigate matters properly before the bankruptcy court. This could result in duplicative and unnecessary actions, waste judicial resources, and undermine reliance on the bankruptcy court as an appropriate forum to resolve claims. Such results would be untenable for litigants and courts.

At oral argument, counsel for Plaintiff argued that Plaintiff's automatically allowed proof of claim was not decided "on the merits" because the procedure "didn't go into any of

Plaintiff's underlying claims." Further, according to counsel: "There was no adversarial proceeding and as such res judicata shouldn't apply here." However, a judgment can be on the merits for res judicata purposes without being preceded by litigation wherein the parties dispute the substantive issues implicated by the claims. *See Credit All. Corp. v. Williams*, 851 F.2d 119, 122 (4th Cir. 1988) ("The default judgment constitutes a final judgment on the merits, and the principles of res judicata preclude him from raising here defenses that he could have raised in the New York action."). The more appropriate inquiry is whether "the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *EDP Med. Comput. Sys., Inc.*, 480 F.3d at 626. *See Duckett*, 819 F.3d at 744 ("The general rule is well established that once a person has had a full and fair opportunity to litigate a claim, the person is precluded, under the doctrine of res judicata, from relitigating it."). Here, Plaintiff filed her proof of claim in the Bankruptcy Court, and this claim was allowed. (ECF No. 77-4 at 5.) She thus had a full and fair opportunity to litigate her claim. *See EDP Med. Comput. Sys. Inc.*, 480 F.3d at 626–27 (concluding that a debtor who did not object to a claim that was automatically allowed had an "opportunity to litigate the validity of the . . . proof of claim").

In sum, this Court concludes that Plaintiff's automatically allowed proof of claim possesses the requisite finality for the doctrine of res judicata to apply.

b. <u>Whether the Parties are Identical or in Privity Between the Two Actions</u>

The Court next considers whether allowing Plaintiff's request to substitute La Piazza, Mr. Davis, and Mrs. D'Abbusco as the defendants in this action would satisfy the second condition necessary for res judicata to apply. At oral argument, counsel for Plaintiff contended that the parties whom Plaintiff seeks to add as defendants in this action are completely

11

different from the parties who participated in Vesuvio's bankruptcy proceedings, as are any prospective plaintiffs who may later opt-in to this litigation.[2] Defendants contend, on the other hand, that "[t]he entire premise of Plaintiff's pending motions is that La Piazza, Jeff Davis, and Cristina D'Abbusco are in privity with Vesuvio's as successors-in-interest." (ECF No. 77 at 9.) The Court agrees with Defendants.

The second condition necessary for res judicata to apply is that "the parties are identical, *or in privity*, in the two actions." *Covert*, 779 F.3d at 246 (emphasis added). The Fourth Circuit has stated that one "categor[y] of non-parties who will be considered in privity with a party to the prior action" is "a successor-in-interest." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Plaintiff, here, was a party to both proceedings: Vesuvio's bankruptcy and the instant action. Plaintiff now seeks to substitute parties as defendants in this action on the theory that they are successors–in–interest to Vesuvio's. (ECF No. 70 at 17.)

Plaintiff's argument, that the parties that she seeks to join are completely different in the bankruptcy proceeding, completely ignores the "or in privity" component of this element of res judicata. Plaintiff, in her brief supporting her motion to substitute, specifically states: "La Piazza and Jeffrey Davis should be considered successors-in-interest to Defendants." (*Id.*) Plaintiff's motion to substitute is thus premised on the theory that La Piazza and Mr. Davis are successors-in-interest to Vesuvio's, which if true, would mean that they are in privity for

---

[2] Counsel for Plaintiff has provided no support for counsel's contention that res judicata cannot apply here because the doctrine would bar potential opt-in plaintiffs from pursuing their claims. The Court therefore declines to consider it.

res judicata purposes. Plaintiff cannot take the position that La Piazza and Mr. Davis are successors-in-interest for successor liability purposes while insisting that they are not in privity with Vesuvio's as successors-in-interest for res judicata purposes. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." (alteration in original)). The Court, therefore, has little trouble concluding that this second condition of res judicata has been satisfied with respect to La Piazza and Mr. Davis.[3]

The issue whether Mrs. D'Abbusco is in privity with Vesuvio's for res judicata purposes presents a closer question. Plaintiff does not explicitly contend that Mrs. D'Abbusco is a successor-in-interest to Vesuvio's, as she has with La Piazza and Mr. Davis. Nevertheless, Plaintiff's theory of Mrs. D'Abbusco's liability, as set forth in her brief, rests on the allegation that she has an interest in La Piazza that would render her liable for alleged FLSA violations committed by Vesuvio's. (*See* ECF No. 70 at 25–26.) Plaintiff, for example, contends that Mrs. D'Abbusco "loaned $3,000 to La Piazza, which helped fund and start the 'new' venture," and thus, "[b]ecause Christina D'Abbusco helped launch the business, and did so knowing of Defendants' bankruptcy petitions and liabilities, her presence in the lawsuit is just." (*Id.* at 26.) Plaintiff thus seeks to add Mrs. D'Abbusco as a defendant solely on the basis of her loan to La Piazza, which the Plaintiff argues is the successor to Vesuvio's. However, the Court can discern no plausible basis on which Plaintiff might litigate her claims against Mrs. D'Abbusco.

---

[3] The Court declines to reach the question whether La Piazza and Mr. Davis are successors-in-interest to Vesuvio's.

13

Plaintiff provides no support for the principle that one may be exposed to successor liability on the basis of providing a loan to the alleged successor. This argument appears to lack merit. Plaintiff's request to amend her complaint to add Mrs. D'Abbusco as a defendant is thus frivolous and therefore futile.[4]

   c. <u>Whether the Claims in the Second Matter are Based upon the Same Cause of Action Involved in the Earlier Proceeding</u>

Plaintiff does not dispute that the third condition necessary for res judicata to apply is satisfied as to La Piazza and Mr. Davis. The claims in the instant action are based on the same cause of action involved in Vesuvio's bankruptcy proceedings: Plaintiff asserted her Complaint in this action as the basis of her proof of claim before the Bankruptcy Court, (*see* ECF No. 77-3 at 4–21). All three conditions necessary for res judicata to apply, therefore, have been satisfied.

   d. <u>Practical Considerations</u>

Next we consider the practical considerations articulated by the Fourth Circuit: (1) "whether the party or its privy knew or should have known of its claims at the time of the first action"; and (2) "whether the court that ruled in the first suit was an effective forum to litigate the relevant claims," *Providence Hall Assocs.*, 816 F.3d at 276. The Court has little trouble concluding both of these considerations are satisfied here. Plaintiff knew of her claims when

---

[4] At oral argument, counsel for Plaintiff raised an alternative theory of liability for Mrs. D'Abbusco, namely that she was liable on the basis of her employment as a manager at Vesuvio's. This argument appears to be in tension with Plaintiff's own brief, which states: "When Plaintiff initially filed this action, Christina D'Abbusco was merely a manager at Defendant Vesuvio's. Therefore, naming her in the lawsuit . . . at that time may have been unfounded." (ECF No. 70 at 25 (citation omitted).) The Court will therefore decline to consider the alternative theory of liability raised by counsel.

the bankruptcy commenced as she was then litigating these claims in this Court. Further, the Bankruptcy Court was an effective forum to litigate Plaintiff's claims. Plaintiff filed her proof of claim in the Bankruptcy Court, and this claim was allowed. (ECF No. 77-4 at 5.) Plaintiff also could have raised the issue of successor liability in the Bankruptcy Court, which she failed to do. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999) (concluding that a bankruptcy trustee had standing to pursue a successor liability claim in bankruptcy court while observing that a surety could obtain standing to pursue the claim upon a finding that the trustee had abandoned the claim).

### III. CONCLUSION

The Court concludes that res judicata precludes Plaintiff from proceeding with this litigation against La Piazza, Mr. Davis, and Vesuvio's. The Court also concludes that allowing Plaintiff's motion to amend her Complaint to add Mrs. D'Abbusco as a defendant would be futile. Thus, Plaintiff's motion to amend to add La Piazza, Mr. Davis, and Mrs. D'Abbusco is denied on the basis of futility. Further, Defendant D'Abbusco's discharge in bankruptcy precludes Plaintiff from litigating her claims against him. For these reasons, Plaintiff's claims against the currently named Defendants, Vesuvio's and D'Abbusco, must be dismissed.[5] Plaintiff's Motion for Equitable Tolling and her Motion to Substitute and Join Parties will each be denied as moot.

### [ORDER FOLLOWS ON NEXT PAGE]

---

[5] The Court construes Defendants' request for dismissal, (*see* ECF No. 77 at 12), as a Motion to Dismiss, and the Court grants this motion. *Cf. Arizona v. California*, 530 U.S. 392, 412–13 (2000).

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reopen Case, (ECF No. 68), is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend, (ECF No. 69), is DENIED based on res judicata.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute and Join Defendants, (ECF No. 69), and Motion for Equitable Tolling, (ECF No. 71), are DENIED as moot.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice. A judgment will be entered contemporaneously with this Memorandum Opinion and Order.

This, the 21st day of February, 2018.

/s/ Loretta C. Biggs
United States District Judge